Teachers — Sick Leave Plan — Substitute's Pay A school district's sick leave plan for teachers should be in writing, contain the date it was approved by the Board of Education, and be made available to all teachers under 70 O.S. 6-3 [70-6-3] (1968). A school district's sick leave plan for teachers must be in writing, contain the date it was approved by the Board of Education and be made available to all teachers. For purposes of calculating deductions from a teacher's salary after the teacher's sick leave benefits have expired, a school district should utilize a basis of one hundred eighty days. A school district's sick leave plan for teachers cannot provide that leave accumulate on a monthly basis since 70 O.S. 6-3 [70-6-3] (1968), which specifies that such sick leave will be available during each school year is interpreted to mean available at the beginning of the school year. A Board of Education may adopt a regulation affecting the payment of substitute teachers, the amount of which may be less than that paid the regular teachers. The Attorney General has had under consideration your letter dated September 26, 1968, in which you inquire as follows: "1. Must a school district's sick leave plan for teachers be in writing setting out the date it was approved by the board of education and made available to all teachers employed in the school system? "2. May a school district's sick leave plan for teachers legally permit the board of education to deduct from the teacher's salary on the basis of number of days taught each month or should such deduction be made on a thirty-day month basis? Teachers' contracts provide that they be paid monthly. "3. May a school district's sick leave plan for teachers provide that the leave accumulate on a monthly basis or is the ten days leave available at the beginning of the school year or at the end of the school year? "4. May a school district's sick leave plan for teachers legally permit a board of education to deduct the total amount of pay that the regular teacher receives and pay the substitute teacher a salary previously agreed upon, which may result in a profit for the school district or state?" O.S.L. 1968, ch. 380, Section 6-3 (70 O.S.Supp. 1968 Section 6-3[70-6-3] [70-6-3]), effective May 10, 1968, is pertinent to your inquiries and provides as follows: "(a) The board of education of each school district in the state shall provide for sick leave for all teachers employed in the district and shall pay such teachers the full amount of their contract salaries during any absence from their regular school duties for a period of time and under such conditions as the board may determine, but not less than the minimum benefits hereafter specified. Provided, the board of education may provide hospital and medical benefits; and sick, accident, health and life insurance or any of the aforesaid for any or all of its employees. Each school district shall adopt an appropriate plan to provide for serious illness, death in immediate family or other similar extreme circumstances. "(b) Until each district adopts an appropriate plan for sick leave adopted by the school district, each teacher employed by the district may, without loss of salary, be absent from his duties due to illness for not more than ten (10) school days during each school year. Unused sick leave shall be cumulative up to a total of sixty (60) days, but cumulative sick leave shall not be transferable to another district and shall expire if the teacher leaves the employment of the school district in which accumulated. The school district may exclude not more than the first two (2) days of absence due to illness from sick leave benefits as a part of its plan. "(c) The plan of each school district for sick leave benefits may include other terms and conditions, but shall not provide less sick leave benefits than those prescribed herein. Hospital and medical insurance proceeds may not be charged against sick leave benefits, but the proceeds received by the teacher from any insurance provided by the district for loss of compensable time may be charged against sick leave benefits." Section (a), supra, specifies that the board of education of each school district in the state shall provide sick leave for all teachers employed in the district. This language is mandatory and indicates that the board of education of each school district in the state must adopt a plan providing for sick leave benefits for teachers. In the case of State ex rel. Ogden v. Hunt, Okl., 286 P.2d 1088, the Supreme Court stated: "In the construction of statutes,. the word 'shall' is usually given its common meaning of 'must' and interpreted as employing a command or mandate depending upon the construction of the statute as a whole and the intention of the Legislature." Since the statute indicates that the desire of the legislature is that each school district adopt its own sick leave plan, it logically follows that when the board of education formalizes such a plan, it should be set out in writing, contain the date it becomes effective, and be made available to all teachers in the district so that such teachers in the district will know when the plan becomes effective, be aware of its existence, and be informed as to its contents. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative since a school district's sick leave plan for teachers should be in writing, contain the date it was approved by the board of education, and be made available to all teachers. Your second question relates to what basis a school district should utilize in calculating deductions from a teacher's salary after the teacher's sick leave benefits have expired. Title 70 O.S. 1-10 [70-1-10] (1961) provides: "A school year for all public schools in Oklahoma shall consist of ten (10) months of four (4) weeks each of which time school shall actually be in session and instruction offered for not less than one hundred eighty (180) days. Provided however five (5) days may be used for attendance of professional meetings and teachers may be paid for a length of term in excess thereof, under conditions hereinafter outlined. A school district may maintain school for less than a full term only when conditions beyond the control of school authorities make impossible the maintenance of said term." This statute makes it mandatory that each school district have school in session for at least one hundred eighty days during the year except where conditions beyond the control of the school authorities make it impossible to hold a full term. Title 70 O.S. 1-11 [70-1-11] (1961), provides: "A school month shall consist of twenty (20) school days during which school is actually taught, or school activities performed. Provided, that holidays, elections, days devoted to professional meetings and other days when school is closed may be included in the number of days required for a regular school month, but no holiday or other occasion when school is not in session shall be included in the one hundred eighty (180) days required to be taught, except not to exceed five (5) days may be used for attendance of professional meetings. Any district may pay teachers and other employees on the basis of calendar months for twelve (12) months, as elsewhere provided by the Oklahoma School Code." This statute provides for a school month and specifies that while holidays and other occasions when school is closed may be included in the calculation of a school month, no holiday or other occasion when school is not in session shall be included in the one hundred eighty days required to be taught during the school year with the exception of five days which may be used for professional meetings. These statutes indicate that for a teacher to complete a full school year and meet the requirements of the law he must be available for teaching at least one hundred eighty days with the exception of those times when conditions beyond the control of school authorities make a full term impossible or where five days are utilized for professional meetings. Therefore, the basis utilized by a school district in calculating deductions should be this one hundred eighty day period when school is required to be in session. When a teacher is absent after all sick leave benefits have been utilized, any deduction from salary should be calculated in the following manner: Number of Days Absent After Amount To Be All Sick Leave Benefits Have Teacher's Deducted From Expired X Yearly = Teacher's 180 Days Salary Salary If the number of days taught each month were used as a basis for calculating the sick leave deduction this would result in inequitable treatment for teachers. Months containing frequent holidays would make for less days taught which would result in a larger fraction for calculating the deduction. This would make each day worth more and serve as a hardship to a teacher who had used all sick leave benefits and was ill during one of these periods. On the other hand, months with few holidays would make for more days taught resulting in a smaller fraction for calculating the deduction. This would make each day worth less and serve as an advantage to a teacher who had used all sick leave benefits and was ill during one of these months. If deductions for excess sick leave were calculated on a thirty-day month basis this would result in a fraction for the purposes of the sick leave deduction too small to be realistic. Such a basis would have to include Saturdays, Sundays, and holidays which are not part of the full school year. This would make each day of the school year even less valuable and thus unrealistic as a basis for purposes of calculating the sick leave deduction. Your third question relates to the availability of sick leave to teachers. Part (b) of O.S.L. 1968, ch. 380, Section 6-3 (70 O.S. 6-3 [70-6-3] (1968)), supra, provides that until each school district adopts an appropriate sick leave plan each teacher employed by the district can be absent from his duties due to illness, without loss of salary, for not more than ten school days during each school year. Since the legislature did not specify a method for alloting these ten days of sick leave or indicate when the days would become available other than during each school year, it can only be assumed that these days are all available at the beginning of the school year. Part (c) of O.S.L. 1968, ch. 380, Section 6-3 (70 O.S.Supp. 1968 Section 6-3[70-6-3] [70-6-3]), supra, provides that each school district may include other terms and conditions in their plan for sick leave benefits, but such plan shall not provide for less sick leave benefits than those already prescribed. If a school district adopts a plan that provides for sick leave to accumulate monthly this would in effect be prescribing a plan that would be limiting the benefits already provided since Part (b), supra, specifies that such leave will be available during the school year without limitation as to time of accrual. It is, therefore, the opinion of the Attorney General that a school district's sick leave plan for teachers cannot provide that the leave accumulate on a monthly basis since O.S.L. 1968, ch. 380, Section 6-3 (70 O. S. Supp. 1968, Section 6-3), which specifies that such sick leave will be available during each school year is interpreted to mean available at the beginning of the school year. Your fourth question relates to the employment and payment of a substitute teacher in an amount less than that received by regular teachers. Title 70 O.S. 64 [70-64] (1961), provides: "(a) If because of sickness or other reason, a teacher is temporarily unable to perform his regular duties, a substitute teacher for his position may be employed for the time of such absence. A substitute teacher shall be paid in an amount and under such terms as may be agreed upon in advance by the substitute teacher, the regular teacher and the board of education or according to — — regulations of the board. In the absence of any such agreement or regulation, such substitute teacher shall be paid in the same manner and amount as would have been paid to the regular teacher, and the amount of the payment shall be deducted from the amount next payable to the regular teacher. Provided, that each reduction shall be only for the time lost in excess of the sick leave to which the regular teacher is entitled." The statute does provide that the substitute teacher may be paid an amount according to regulations of the board of education and in the absence of such regulation the substitute teacher will be paid in the same manner and amount as the regular teacher. Therefore, a board of education may adopt a regulation affecting the amount of payment to substitute teachers, and the amount to be paid substitutes could be less than that paid regular teachers. Therefore, your fourth question is answered in the affirmative since a board of education may adopt a regulation to the effect that substitute teachers be paid less than regular teachers. In conclusion, it is the opinion of the Attorney General that a school district's sick leave plan for teachers be in writing, contain the date it was approved by the board of education and be made available to all teachers. For purposes of calculating deductions from a teacher's salary after the teacher's sick leave benefits have expired, a school district should utilize a basis of one hundred eighty days. In addition, it is the opinion of the Attorney General that a school district's sick leave plan for teachers cannot provide that leave accumulate on a monthly basis since O.S.L. 1968, ch. 380, Section 6-3 (70 O.S. 6-3 [70-6-3] (1968)), which specifies that such sick leave will be available during each school year is interpreted to mean available at the beginning of the school year. Finally it is the opinion of the Attorney General that a board of education may adopt a regulation affecting the payment of substitute teachers, the amount of which may be less than that paid the regular teachers. (Gary F. Glasgow) ** SEE: OPINION NO. 77-186 (1977) **